IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Sandra D. Huggins, | : | |
| --- | --- | --- |
| Plaintiff | : | Civil Action 2:08-cv-1155 |
| v. | : | Judge Graham |
| Commissioner of Social Security, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Court on plaintiff Sandra D. Huggins' August 12, 2009 objections to Magistrate Judge Abel's July 31, 2009 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Huggins is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Huggins alleges she became disabled at age 36 by fibromyalgia and right knee pain. The administrative law judge found that her subjective complaints were not supported by the medical evidence of record. He found that she had the residual functional capacity to perform a reduced range of work having sedentary to light exertional demands.

Plaintiff asserts that the administrative law judge's decision is not supported by substantial evidence. The administrative law judge, in part relying on the reports of

examining and reviewing physicians, found that Huggins' testimony about the severity of her symptoms was not credible. Plaintiff argues that the reviewing physicians offered no clear or specific examples of any subjective complaints that are false, exaggerated, or inconsistent such that her credibility could be called into question. Instead, plaintiff maintains, they simply assert that the level of her complaints and symptoms were not consistent with the objective medical evidence. Plaintiff argues that the administrative law judge simply adopted their conclusions without pointing to medical evidence supporting that finding. Plaintiff further argues that the administrative law judge erred in relying on Huggins' failure to follow treatment recommendations made by her treators.

There is substantial evidence supporting the administrative law judge's decision. Dr. Gordon B. Snider, a board certified internist, testified as a medical advisor. He heard plaintiff Huggins' testimony and reviewed the medical record. Dr. Snider concluded that Huggins could sit for six hours with a sit/stand option, that she could stand or walk for 15 minutes at a time, for no more than two hours a day, and that she would have to work in an air conditioned environment because of her fibromyalgia. (R. 334.) He further opined that she could climb stairs occasionally with a handrail, but that she should not be around dangerous machines, at heights, or on ladders or scaffolding. (R. 335.) She could not crawl, kneel, stoop, or squat. She could occasionally bend. Dr. Snider opined that Huggins would be limited to simple one- and two-step jobs, but no work requiring high intellectual skill or intense concentration. (R. 335.) Dr. Snider

agreed that plaintiff's medication would not preclude her from working, nor would her migraine headaches. (R. 336-39.)

The administrative law judge relied on Dr. Snider's residual functional capacity assessment in making his decision. As analyzed by the Magistrate Judge, there was substantial evidence in the record supporting the administrative law judge's decision, including the reports of Dr. Peter Martin (R. 108-09), Dr. James Dusseau (R. 208), and Dr. Jean Vike (R. 270, 271 and 273). Contrary to plaintiff's argument, Huggins repeatedly failed to follow the advice of her physicians to exercise to reduce her fibromyalgia symptoms and to abstain from cigarettes, alcohol and drugs to reduce the frequency and intensity of her migraine headaches. See, August 12, 2009 Report and Recommendation, Doc. 15, at pp. 17-23.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

                                        S/James L. Graham
                                        James L. Graham
                                        United States District Judge

Date: January 25, 2010